UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME COAST, JR.,<br><br>      Petitioner,<br><br>v.<br><br>STATE OF GEORGIA,<br>WARDEN BENJAMIN FORD, and<br>WARDEN JOSEPH WILLIAMS,<br><br>      Respondents. | CV423-312 |
| JEROME COAST, JR.,<br><br>      Petitioner,<br><br>v.<br><br>STATE OF GEORGIA,<br><br>      Respondent. | CV423-314 |
| JEROME COAST, JR.,<br><br>      Petitioner,<br><br>v.<br><br>WARDEN BENJAMIN FORD, and<br>WARDEN JOSEPH WILLIAMS,<br><br>      Respondents. | CV423-315 |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Jerome Coast, Jr. filed three petitions for habeas corpus relief in the United States District Court for the Northern District of Georgia. *See Coast v. State of Georgia*, CV423-312, doc. 2 (N.D. Ga. Oct. 24, 2023); *Coast v. State of Georgia*, CV423-314, doc. 2 (N.D. Ga. Oct. 26, 2023); *Coast v. Ford*, CV423-315, doc. 2 (N.D. Ga. Oct. 26, 2023). He did not pay the filing fee in any of the three cases and the Clerk's instructions to address that deficiency remain pending. *See* CV423-312, doc. 4; CV423-314, doc. 4; CV423-315, doc. 4. It is also clear—at least relatively—that all three cases challenge Coast's 2016 conviction in the Superior Court of Chatham County. *See* CV423-312, doc. 2 at 1 (citing *Coast v. Georgia*, 826 S.E. 2d 78 (Ga. 2019); CV423-314, doc. 2 (same); CV423-315, doc. 1 at 1. The petitions, however, are not identical. *Compare* CV423-312, doc. 1, *with* CV423-314, doc. 1, *and* CV423-315, doc. 1. Only one is submitted on the required form. *See* CV423-315, doc. 1. The Court previously directed Coast to resubmit his first petition on the required form. *See* CV423-312, doc. 6. To avoid unnecessary confusion

in proceedings on Coast's challenge to his conviction, the Court recommends that all three cases be consolidated into CV423-312.

Given that Coast's three pleadings all concern the validity of the same conviction, and involve substantially overlapping questions of fact, they should be consolidated into one case. The Rules Governing Section 2254 Cases state that the Federal Rules of Civil Procedure apply to such cases "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases]." Rule 12, Rules Governing Section 2254 Cases. Rule 42 empowers the Court to consolidate actions "involving a common question of law or fact." Fed. R. Civ. P. 42(a). Where § 2254 petitioners have filed multiple petitions challenging a single underlying judgment of conviction, notwithstanding differences in the pleadings, consolidation has been recognized as appropriate. *See, e.g., Daker v. Warren*, 778 F. App'x 652, 653-54 (11th Cir. 2019) (affirming consolidation of "duplicative habeas petitions,"

pursuant to Rule 42); *Nicholas v. Brooks*, 2006 WL 2950477, at *1 (M.D. Pa. Oct. 16, 2006). These cases should, therefore, be consolidated.

Accordingly, the Court's prior Order in CV423-312 is **VACATED**. Doc. 6. The respectively assigned District Judges[1] should consolidate all of Coast's challenges to the validity of his 2016 conviction in Chatham County Superior Court into CV423-312. Accordingly, cases CV423-314 and CV423-315 should be **DISMISSED**. If the respective District Judges agree with this recommendation, upon the latest of their Orders disposing of this Report and Recommendation, Coast should be directed to file a single Amended Petition, using the required form, asserting every ground he wises to pursue. Upon his submission of that Amended Petition, or further instructions from any of the District Judges, the Court will proceed to screen Coast's petition or petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party

---

[1] CV423-312 is currently assigned to the Honorable Lisa Godbey Wood. CV423-314 is currently assigned to the Honorable J. Randall Hall. CV423-315 is currently assigned to the Honorable R. Stan Baker.

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as

there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

      **SO ORDERED AND REPORTED AND RECOMMENDED**, this 2nd day of November, 2023.

                                                                        _____
                                              CHRISTOPHER L. RAY
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA